Submitted on record and brief March 10, reversed and remanded June 6, 1984

STATE OF OREGON,
*Appellant,*

*v.*

RICHARD EDISON ROYER,
*Respondent.*

(J81-2678; CA A25227)

682 P2d 283

Dave Frohnmayer, Attorney General, William F. Gary, Solicitor General, and Stephen F. Peifer, Assistant Attorney General, Salem, filed the brief for appellant.

James McMillin, Roseburg, waived appearance for respondent.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

BUTTLER, P. J.

**BUTTLER, P. J.**

The state appeals an order suppressing evidence seized following a search pursuant to a warrant authorizing the search of defendant's residence and adjacent outbuildings. The trial court held that the affidavit in support of the warrant was insufficient to authorize an extension of the search beyond the marijuana plants seen growing on defendant's premises.

The affidavit here is substantially the same as that involved in *State v. Anspach,* 68 Or App 164, 682 P2d 786 (1984), with two exceptions: (1) the affidavit states that the affiant identified growing marijuana planted "in a tree line which is located west of two brown-roof structures, which appeared to be a residence and a garage;" (2) the photograph taken by the affiant, attached and incorporated as part of the affidavit, confirms that the plants are in a long row and shows that the proximity of the plants to the residence makes it probable that the residents were aware of their presence. The surveyor's aerial photograph, appended to and incorporated in the affidavit, indicates that there are no buildings of any kind within the large area shown west of defendant's residence.

■       We held in *Anspach* that an affidavit, in order to support a warrant to search a residence or outbuilding, must fulfill two requirements, the first of which is that it must set forth objective observations that would permit a disinterested magistrate to conclude that there is probable cause to believe that the person residing on the premises has some relationship to the plants. The affidavit here, together with the appended photographs, fulfills the first requirement.

■       The second requirement set forth in *Anspach* is that, in order to justify a search of buildings, the affidavit must contain additional facts to support probable cause to believe that marijuana or certain kinds of implements of cultivation or paraphernalia for processing or sale of marijuana are probably in the building to be searched. That requirement is met here by the affiant's statement based on his training and experience.

Reversed and remanded for trial.